UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| GERARDO A. ANGULO-MESTAS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EDITORIAL TELEVISA INTERNATIONAL, S.A. and ET PUBLISHING INTERNATIONAL, INC.,<br><br>Defendants.<br>------------------------------------------------------<br>BANCO POPULAR DE PUERTO RICO,<br><br>Intervenor. | Civil No. 09-1830 (JAF) |

**O R D E R**

On July 16, 2010, we issued an Opinion and Order denying Intervenor's motion for summary judgment. (Docket No. 133.) Finding that Defendants, not Intervenor, appear to be entitled to the "Trade Debt Payments" deposited with this court, we ordered Intervenor to show cause as to why we should not, instead, order summary judgment in favor of Defendants.[1] (Id.) Intervenor responds to the order and moves under Federal Rule of Civil Procedure 59(e) for

---

[1] Federal Rule of Civil Procedure 56(c)(2) authorizes summary judgment where "the pleadings [and] the discovery . . . materials on file . . . show that there is no genuine issue as to any material fact and that the [party] is entitled to judgment as a matter of law."

Civil No. 09-1830 (JAF) -2-

reconsideration of our Opinion and Order.[2] (Docket No. 134.) Defendants respond. (Docket No. 137.)

In our Opinion and Order, we found that the "Trade Debt Payments" constituted the accounts receivable that Plaintiff Angulo-Mestas assigned to Defendants in late 2007. (Docket No. 133.) Although Intervenor's predecessor in interest, Westernbank Puerto Rico ("WBPR"), formed with Angulo-Mestas in March 2005 a security agreement that included these accounts receivable as collateral, WBPR did not perfect this security interest until August 10, 2009. (Id.) We concluded that, under Puerto Rico law, Defendants are entitled to the "Trade Debt Payments" as good-faith transferees who gave value for the accounts receivable before WBPR perfected its interest in the same accounts. (Id.)

Intervenor now argues that it is entitled to any portion of the "Trade Debt Payments" that accrued after its perfection and that Defendants did not actually possess. (Docket No. 134.) Intervenor cites no authority, nor do we find any, that suggests Defendants' rights as assignees may be disrupted in this manner.

As we noted in our Opinion and Order (Docket No. 133), an assignee of accounts who completes his transaction without knowledge of a competing unperfected security interest takes free of that competing interest. 19 L.P.R.A. § 2101(1)(d) (2005); accord U.C.C. § 9-317(d) & cmt. 6 (2005). There is no indication that the subsequent perfection of that competing interest

---

[2] Under Rule 59(e), any party may move the court to alter or amend a judgment within twenty-eight days of its entry. Fed. R. Civ. P. 59(e). "Motions under Rule 59(e) must either clearly establish a manifest error of law or . . . present newly discovered evidence." FDIC v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992).

Civil No. 09-1830 (JAF)                                                                                              -3-

could affect the assignee's rights.  Therefore, Intervenor's belated perfection cannot defeat Defendants' rights to the accounts receivable, either in whole or in part, and Defendants' actual possession of the proceeds deposited with this court is immaterial.

Accordingly, we find no manifest error of law in our Opinion and Order (Docket No. 133).  Because Intervenor has failed to demonstrate its entitlement to the "Trade Debt Payments," we find that Defendants are entitled to these funds as a matter of law.  We, therefore, order summary judgment in Defendants' favor.  See Fed. R. Civ. P. 56(c)(2).

For the reasons stated herein, we hereby **DENY** Intervenor's motion for reconsideration (Docket No. 134).  We **ORDER** summary judgment, affirming Defendants' rights to all "Trade Debt Payments" deposited with this court.  We **GRANT** Defendants' motion for disbursement of funds (Docket No. 119).  We **ORDER** the Clerk of Court to pay Defendants $249,512.41, constituting the sum of the "Trade Debt Payments" (see Docket Nos. 41; 61; 81; 87; 112; 121), and any accrued interest, less any court registry fees.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 25th day of August, 2010.

                                        s/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U.S. District Judge